# Holbrooks, et al. v. Mineral Development Company, et al.

### (Decided January 25, 1924.)

## Appeal from Letcher Circuit Court.

Partition—Defendants Held Entitled to Object to Division.—On death of wife, her child and husband each inherited an undivided interest in a 78-acre tract. Later the husband conveyed 59 acres, describing it by metes and bounds. A company claiming through such conveyance subsequently brought suit, asking that the land be equally divided between it and the child, the immediate grantors being named defendants for the purpose of obtaining damages for deficit. Held, such grantors could object to report of commis-

sioners, and complain that the child's portion was worth more than the portion allotted to the plaintiff.

R. MONROE FIELDS for appellants.

D. D. FIELDS and JOHN M. COOK for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On January 15, 1904, Arch Jenkins and wife conveyed to John S. Webb and his wife, Drusilla J. Webb (spelled in the record "Druciller"), jointly, a tract of land in Letcher county containing 78 acres. Some time thereafter Drusilla J. Webb died intestate, leaving as her only child and heir at law, Leon P. Webb, who inherited her undivided interest in the tract and became a joint owner of it with his father, John S. Webb. After the death of Drusilla J. Webb, her surviving husband married the defendant, Liza C. Webb, and they on August 31, 1907, conveyed to America Holbrooks 59 acres of the 78 acre tract describing it by metes and bounds, and Mrs. Holbrooks and husband conveyed it to the Mineral Development Company on the 17th day of July, 1917. At the same time Mrs. Holbrooks conveyed other land to the development company adjoining the 59 acres, but the latter tract was conveyed by separate description.

Before December 21, 1917, the development company discovered that Mrs. Holbrooks, under her deed from John S. and Liza C. Webb, obtained title to only a one-half undivided interest in and to the 59 acres (being the interest of John S. Webb) and that her deed to it conveyed only a one-half interest, the other half being owned by Leon P. Webb as sole heir to his mother, Drusilla J. Webb, and on that day it filed this equity action in the Letcher circuit court averring the above facts and prayed that the 78 acre tract be equally divided between it and Leon P. Webb, quantity and quality considered, and that if in such division it was allotted less than 59 acres, then that it recover from its vendors, who were made parties defendant to the action, damages for the deficit, to be measured by the consideration paid by it for the whole 59 acre tract on the warranty contained in the deed of the Holbrooks to it, and that commissioners be appointed for the purpose of making the division. A guardian *ad litem* was appointed for the infant joint owner, Leon P. Webb, and he filed a report in which he admitted the condition of the title and the facts as alleged in the petition, and

stated that he could make no affirmative defense for his ward and asked that the latter's interest be protected.

The Holbrooks filed an answer and made it a cross-petition against their vendors and their co-defendant, Leon P. Webb, and asked that the division be made as prayed in the petition, averring that an equal division of the 78 acres, according to value and quality, would result in allotting to the development company, their vendors, practically, if not entirely, the 59 acres, that they had conveyed to plaintiff. The court appointed commissioners to make the division and they in due time filed a report in which they allotted to the development company 41.7 acres of the 78 acre tract lying adjacent to its adjoining land, and to Leon P. Webb, the remaining 36.3 acres.

Mrs. Holbrooks and her husband filed exceptions to that report and asked that it be set aside on the ground that the land allotted to the infant defendant was superior in quality and value to that allotted to their warrantee, the Development Company, and that the infant's portion, as allotted, was worth at least as much as $1,000.00 more than the portion allotted to the plaintiff. The hearing of the exceptions was continued and the parties were given leave to take proof thereon. The exceptors took the depositions of four witnesses who were landowners in the vicinity, three of whom were entirely disinterested, and all of them testified that the portion allotted to the infant was worth anywhere from $800.00 to $1,500.00 more than the portion allotted the plaintiff, and there was no testimony to the contrary. After those depositions were filed the exceptions were submitted and the court overruled them and confirmed the commissioner's report and directed that deeds be made to the respective parties for the portions of the land therein allotted, and from that judgment this appeal is prosecuted.

There is nothing in the order of court, or anywhere in the record, suggesting the grounds upon which the court acted in overruling the exceptions, and we are left entirely to surmise and speculation to discover the reason therefor. It may be that the court was under the impression that the Holbrooks had no right to complain of the division, or file exceptions to the report of the commissioners, but that supposed reason is to some extent weakened when we consider that the court allowed them to file the exceptions and gave them time in which to take proof sustaining them. If, however, that was the court's

reason, we think it was unfounded because the exceptors were not only parties to the litigation, but they were directly interested in seeing that their vendee obtained its full proportion of the tract of 78 acres, and to have that portion contain as much of the 59 acres conveyed by them as the facts authorized. That being true, the only question before the court on the trial of the exceptions was one of fact, and, as we have seen, the proof thereon was all one way and wholly uncontradicted, which left no alternative to the court but to sustain the exceptions and order a redivision to be made either by the same commissioners or by new ones appointed by the court; or perhaps it might hear proof and allot to plaintiff additional land to the 41.7 in the commissioners' report sufficient to make the quantity given it equal in value to the remaining portion to be allotted to its joint tenant, Leon P. Webb.

Wherefore, the judgment is reversed with directions to sustain the exceptions to the report of the commissioners and for proceedings consistent with this opinion.